IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 8, 2008

## MICHAEL BARNETT BILLS v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 6761     J. Weber McGraw, Judge**

---

**No. W2007-02181-CCA-R3-PC  - Filed October 10, 2008**

---

The petitioner, Michael Barnett Bills, appeals the denial of his petition for post-conviction relief. He was convicted of one count of possession of 0.5 grams or more of a Schedule II controlled substance with intent to deliver, a Class B felony.  He was sentenced to eighteen years in the Tennessee Department of Correction as a Range II, multiple offender.  On appeal, he argues that he received ineffective assistance of trial counsel because she did not file a motion to suppress and failed to object to the introduction of a letter into evidence.  After careful review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which, NORMA MCGEE OGLE and J.C. MCLIN, JJ., joined.

Gary F. Antrican, District Public Defender, for the appellant, Michael Barnett Bills.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel West Harmon, Assistant Attorney General; D. Michael Dunavant, District Attorney General; and Joe Van Dyke, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

During the hearing on the petition for post-conviction relief, trial counsel testified that she was retained to represent the petitioner at trial after different counsel represented him during his preliminary stages.  Counsel recalled that, following a motion by counsel, the general sessions court suppressed the search of the petitioner's residence due to a discrepancy in the date on the search warrant and the date on the affidavit of complaint.  She said that the State cured the defect prior to indicting the petitioner and that she believed there was no reason to file another motion to suppress the search.

Counsel testified that a letter written by the petitioner to his girlfriend was introduced into evidence by the State.  The girlfriend testified that she gave a copy of the letter to law enforcement

on the morning of trial. Counsel said the first time she saw the letter was when it was introduced into evidence. The letter stated, "if you really love me, call my lawyer and tell her that you put them drugs behind that angel in my house; that's love." Counsel said she objected to the letter but that she did not object to it properly. She raised the introduction of the letter on appeal, and this court concluded that counsel did not make a proper objection.

Counsel also testified that she did not pursue the issue that the drugs found were for personal use, rather than for sale or delivery. She testified that this theory would not have made sense because the petitioner always maintained that the drugs were not his and that he did not use drugs. Counsel said that the petitioner mentioned an episode when two potential witnesses overheard the petitioner's girlfriend admit that the drugs belonged to her. She said that she did not have any contact information for one potential witness and that the other potential witness did not recall the episode.

She testified that the petitioner rejected a plea offer of eight years at thirty percent and insisted that he was innocent. Counsel met with the petitioner several times and discussed his possible defenses, his sentencing exposure, and the plea offer. The petitioner insisted that the drugs were not his and that he wanted a trial. In her preparation for trial, she interviewed and called all the defense witnesses she had an ability to locate in addition to interviewing the State's witnesses.

Counsel called the petitioner's girlfriend as a witness because the petitioner hoped she would take responsibility for the drugs. The petitioner asked her during a lunch break what would happen if he had written a letter to his girlfriend, but he denied that he had said anything incriminating. Counsel said that the letter admitted into evidence could have been interpreted to support the petitioner's claim that the drugs were not his. She said she raised a general objection to the admission of the letter but was "floored" that she was learning about it for the first time on cross-examination. She testified that the petitioner would have been convicted despite the letter.

The petitioner's counsel in general sessions court testified that he filed a successful motion to suppress the cocaine found during the search. He said that he attacked the discrepancies in the dates contained in the search warrant and the affidavit of complaint. He also testified about several other concerns he raised, including that the warrant did not include a description of the premises to be searched. He felt that description was vague and not particularized, therefore, making the search warrant void.

Next, the petitioner testified that, on the day he was arrested, he observed an officer walk across his yard and, about the same time, an officer kicked the side door in, entered the house, and told the petitioner to get on the floor. He said there was never a knock on the door before the police entered. The petitioner said that the police also took a black money box from his house but never used it at trial. The petitioner said counsel never asked him about how the police entered his home. He also acknowledged that the police testified that they knocked before entering the home.

Counsel testified during rebuttal that there was never any mention of a money box taken from the petitioner's home.

By written order entered August 27, 2007, the post-conviction court found that counsel's failure to properly object to the entry of the letter into evidence was ineffective but that the entry of the letter did not prejudice the petitioner. The post-conviction court further found that the petitioner failed to establish that he received ineffective assistance of counsel.

Analysis

The petitioner argues that he received ineffective assistance of counsel in two specific areas: (1) Counsel failed to file a motion to suppress the evidence obtained as a result of an illegal search, and (2) Counsel failed to properly object to the introduction of evidence by the State. The petitioner contends that, but for counsel's ineffective assistance, the result of the trial would have been different.

To be successful on a petition for post-conviction relief, a petitioner must prove his or her allegations by clear and convincing evidence at an evidentiary hearing. T.C.A. § 40-30-110(f) (2006); *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999). Upon review, an appellate court will not reweigh or reevaluate the evidence below; all questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the trial judge, not the appellate courts. *Momon*, 18 S.W.3d at 156; *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997). The trial court's findings of fact on a petition for post-conviction relief are afforded the weight of a jury verdict and are conclusive on appeal unless the evidence preponderates against those findings. *Momon*, 18 S.W.3d at 156; *Henley*, 960 S.W.2d at 578. The court's application of the law to the facts, however, faces a *de novo* standard of review without any presumption of correctness. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). Post-conviction relief may only be given if a conviction or sentence is void or voidable because of a constitutional right. T.C.A. § 40-30-103 (2006).

When a claim of ineffective assistance of counsel is made under the Sixth Amendment, the burden is upon the complaining party to show that (1) counsel's performance was deficient, and (2) the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings fundamentally unfair. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). In *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975), our supreme court required that the services be rendered within the range of competence demanded of attorneys in criminal cases. In reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065; s*ee Nichols v. State*, 90 S.W.3d 576, 587 (Tenn. 2002).

It is unnecessary for a court to address deficiency and prejudice in any particular order or even to address both if the petitioner makes an insufficient showing on either. *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069. In order to establish prejudice, the petitioner must establish a "'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine

confidence in the outcome.'" *State v. Burns*, 6 S.W.3d 453, 463 (Tenn. 1999) (quoting *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068) (citations omitted).

The petitioner bears the burden of proving the factual allegations that would entitle him to relief by clear and convincing evidence. T.C.A. § 40-30-210(f). We review the post-conviction court's factual findings underlying a claim of ineffective assistance of counsel under a *de novo* standard with a presumption that those findings are correct – unless the preponderance of the evidence establishes otherwise. *Burns*, 6 S.W.3d at 461. However, the post-conviction court's conclusions of law – such as whether counsel's performance was deficient or whether that deficiency was prejudicial – are reviewed under a *de novo* standard with no presumption of correctness. *Fields v. State*, 40 S.W.3d 450, 457 (Tenn. 2001) (citations omitted).

First, the petitioner argues that trial counsel should have filed a motion to suppress. His claim hinges on the fact that his previous counsel was successful in getting evidence suppressed in the general sessions court after he attacked the search warrant. The State contends that the petitioner failed to show that trial counsel's decision not to file a motion to suppress was either deficient or prejudicial.

The petitioner's general sessions counsel testified that the motion to suppress attacked the time frame of the information provided by the confidential informant and when the affidavit of complaint was sworn, as well as the inconsistent dates in the search warrant and the affidavit of complaint. Trial counsel testified that the problem caused by the incorrect date on the affidavit of complaint was cured because the date in the indictment was consistent with the date on the search warrant. Counsel did not file a motion to suppress because she did not see any additional problems with the warrant.

The testimony during the post-conviction hearing was clear that the general sessions court suppressed the evidence resulting from the search warrant and dismissed the case. In its order denying the petition for post-conviction relief, the post-conviction court found that the indictment by the grand jury cured any defects caused by the conflicting dates in the documents. The post-conviction court further found that the petitioner failed to demonstrate that the evidence resulting from the search warrant should have been suppressed.

In order for the petitioner to be successful on appeal, he must prove that trial counsel's performance was both deficient and prejudicial. Here, the petitioner has not demonstrated that trial counsel was deficient for failing to file a motion to suppress based on the search warrant. The petitioner argues that the search warrant should have been attacked at trial because it was successfully attacked at the general sessions level; however, counsel testified in this case that the defects in the search warrant were cured before the petitioner was indicted. She further testified that she did not have reason to believe that there was a basis for a motion to suppress. The petitioner has not shown that trial counsel was deficient for failing to file a motion to suppress and has not demonstrated that he was prejudiced by counsel's decision.

The petitioner also argues that counsel should have contested the manner in which the police department executed the search warrant. Specifically, he contends that the police failed to knock and announce before they entered his home. The State argues that the petitioner conceded at trial that the police testified that they did knock before entering the house. Trial counsel testified that she did not file a motion to suppress regarding the issue of the police officer's entry into the home because she did not think that it was necessary. Trial counsel said that she spoke with the officers and the petitioner and had no reason to believe there was a basis to file the motion to suppress. Whether the police followed proper procedure in executing the search warrant amounts to a credibility issue as the petitioner has not produced any evidence to refute the police testimony that they did "knock and announce" prior to entering the home. The petitioner has not demonstrated that counsel was either deficient or that he was prejudiced by not filing a motion to suppress The petitioner is not entitled to relief on this issue.

Next, the petitioner argues that trial counsel was deficient for failing to properly object to the introduction of a letter from the petitioner to his girlfriend, introduced during cross-examination of the girlfriend. Counsel said that she learned of the letter on the morning of trial and that its introduction into evidence came as a complete surprise. Counsel acknowledged that the letter was damaging to the petitioner's case but also argued that the letter really enforced the position that the drugs did not belong to the petitioner. Counsel objected to the introduction of the letter but did not raise a proper objection. On direct appeal, this court denied relief because counsel made only a general objection rather than a specific objection that the letter violated discovery. Counsel said that she was "floored" by the introduction of the letter and that caused her failure to raise a specific objection. She testified that it was her opinion that the petitioner would have been convicted despite the introduction of the letter. The State argues that, even if the admission of the letter amounted to deficient nonperformance, it would not have changed the outcome of the petitioner's conviction and, therefore, was not prejudicial.

The petitioner's girlfriend testified at trial that the letter stated in pertinent part: "if you really love me, call my lawyer and tell her that you put them drugs behind that angel in my house." The girlfriend read from a copy of the letter. Counsel testified that she tried to argue that the letter reinforced their position that the drugs did not belong to the petitioner. Further, she believed the petitioner would have been convicted even if the letter had been excluded. During the post-conviction hearing and on appeal, the petitioner has failed to demonstrate that the introduction of the letter prejudiced him during trial. In *State v. Pilkey*, 776 S.W.2d 943 (Tenn. 1989), our supreme court affirmed that counsel may make a motion to strike at "any time before the jury retires to consider its verdict, provided there is no waiver." (quoting *Moon v. State*, 146 Tenn. 319, 242 S.W. 39, 53 (1922)). Counsel's failure to properly object to the admission of the letter and continued failure to move to strike the introduction of the letter before the jury retired constituted deficient performance. However, the petitioner has not demonstrated that the deficient performance was prejudicial. In order for the petitioner to be successful on appeal, he must show that counsel's performance prejudicially affected the outcome of the trial in addition to being deficient. He has not met that burden and is not entitled to relief on this issue.

Conclusion

Based on the foregoing and the record as a whole, we affirm the judgment of the post-conviction court.

_____

JOHN EVERETT WILLIAMS, JUDGE